First Appellate Department, March, 1905. Reported. 103 App. Div. 596.

The People of the State of New York, Respondent, *v.* Morris Korn, Appellant.

*Benjamin F. Spellman,* for Appellant.

The defendant appeals from a judgment of conviction for selling liquor without a liquor tax certificate. It was the exclusive province of the jury to determine whether under the admitted facts, and the facts in dispute, particular transactions amount to a sale of liquors by the defendant. The court charged the jury: " Now this it seems to me is a fair summary of the evidence, excepting this, that while the defense does not deny that this man drank lager beer on these premises, defendant claims that their waiter went out to another place and purchased the beer and brought it in and sold it to their customers. But that would not be a defense, because they had no right to buy the liquor at a licensed place, and bring it into an unlicensed place to be sold and drank there." In the first place, the defendant cannot be charged with committing a crime by agency. (*People* v. *Utter,* 44 Barb. 170; Am. & Eng. Ency. Law, Vol. 17, p. 386.)

In the second place, the court wrongly assumed that the defendant claimed the right to re-sell such liquor in his restaurant. (*Vroman* v. *Rogers,* 5 N. Y. Supp. 426; *Watson* v. *Gray,* 4 Keyes, 395; *Lawson* v. *Met. St. Ry. Co.,* 166 N. Y. 589, affirming, 40 App. Div. 307; *People.* v. *Flanigan,* 174 N. Y. 372; *Boaz* v. *Schneider,* 69 Tex. 128; *L. I. Aaron Co.* v. *Herschfeld,* 89 Ill. App. 205; *Cropper* v. *Pittman,* 13 Maryland, 190.

If, as testified to by the defendant, his waiters merely accommodated the customers of the restaurant by taking their money into the liquor store next door, and procuring liquors desired for delivery to the customers in the restaurant, there was no sale.

The case of *People ex rel. Meyer* v. *Hagan* (N. Y. L. J., May 29, 1901), is right in point.

A juror asked " Suppose the waiter goes out and purchases drinks and pays for them, and gives them to the person that ordered them, for the same price, and gets no profit for it, is that selling it? "

The statement of the court that such was not the case at bar, is

reversible error. Furthermore, the court committed additional error in refusing to charge that if it was a transaction of the waiter separate and apart from his duties in the premises of the defendant, and he went outside and purchased the liquors for the customers, and put the money in his own pocket that he received from the customer, he acted as the agent of the customers, and that such transactions did not bind the defendant. The question of profit had a direct bearing on the defendants intent. (*People* v. *Adelphi Club,* 149 N. Y. 5; *Matter of Lyman* v. *Young Men's Cosmopolitan Club,* 28 App. Div. 127.)

The defendants' defense was not fairly submitted to the jury. (*Board of Commissioners* v. *Merchant,* 103 N. Y. 143.)

The question of intent should have been submitted to the jury. (*Stokes* v. *People,* 53 N. Y. 164; *People* v. *Powell,* 63 N. Y. 88; *Martin* v. *Goldstein,* 20 App. Div. 203; *People* v. *Wiman,* 9 Misc. 441.)

The Trial Court abused its discretion in allowing the prosecution to supply evidence in rebuttal, which should have been produced before the direct case was concluded. (Code. Crim. Proc. § 388; *People* v. *Koerner,* 154 N. Y. 355.)

The evidence of the witnesses sworn in rebuttal was merely corroborative, and was intentionally held in reserve by the prosecution. The Appellate Court should review the discretion exercised below. (*Herzfeld* v. *Strauss,* 24 App. Div. 96.)

*William Travers Jerome,* District Attorney, (*Edward Sandford,* of counsel) for the People.

It was conceded by the defendant upon the trial that the defendant was the proprietor and owner of the restaurant, and that he had no liquor tax certificate.

The evidence conclusively showed that one of the waiters at this restaurant served lager beer to the People's witnesses, and that such waiter was the defendant's employee. The defendant denied that the lager beer served was sold, and that he was answerable for the act of his servant. The defense was that if it appeared that a customer in a licensed restaurant employs one of the waiters to go out as his agent, and purchase liquor in a licensed place, there is no sale to the customer in the restaurant either by the waiter or by the proprietor.

In the first place, the defendant's own testimony shows that in

this case the waiter advanced the money with which to purchase the liquor ordered by the special agent, because he knew him very well. However, there would have been no agency, even if the waiter had required pay in advance. By no mental operation or reserve can a waiter constitute himself a customer's agent. A restaurant keeper cannot avoid the necessity of paying an excise tax, if he desires to have his waiters serve liquor to his, not their, customers, by the mere subterfuge of an agency between his waiters and his customers. (*Sternaman* v. *Met. L. Ins. Co.* 170 N. Y. 131.)

It might as well be claimed that where each waiter in a restaurant is charged with the price of all food obtained by him to serve a customer, and is held to account at the end of the day, the waiter is not the employee of the proprietor, but is the employee of each customer. If the court overstated the express concessions of counsel, the defendant was not prejudiced, because nothing was stated as conceded which was not either expressly conceded or established by defendant's evidence. (*People* v. *Miller,* 169 N. Y. 339.)

Judgment affirmed.